UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA – FARGO DIVISION

| | |
|---|---|
| HILLARY WHITE,<br><br>Plaintiff,<br><br>v.<br><br>FTGS, LLC, and JORDAN VITTITOW,<br><br>Defendants. | Case No.: _____<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>COPYRIGHT INFRINGEMENT AND VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>Jury Trial Demanded |

Plaintiff Hillary White ("White" or "Plaintiff"), by and through her undersigned attorney, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

Plaintiff Hillary White is a Maine artist whose unique artwork incorporates various themes, including 1980's redux-inspired t-shirt designs. White's livelihood is dependent on her ability to license her artwork and sell merchandise bearing her designs. White's artwork has been misappropriated and incorporated onto unauthorized merchandise, sold by Defendants FTGS, LLC and Jordan Vittitow (respectively, "FTGS" and "Vittitow," and collectively, "Defendants"), and displayed on various websites.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §101 *et seq*.

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

3. Defendant FTGS is subject to personal jurisdiction in North Dakota because it is duly incorporated as a limited liability company in the state of North Dakota, with its registered address and principal place of business located at 1826 Rose Creek Drive, South Fargo, North

Dakota, 58104. Defendant Vittitow is a natural person and is subject to personal jurisdiction in North Dakota because she is domiciled and resides within this state at 1826 Rose Creek Drive, South Fargo, North Dakota 58104.

4. Venue in this judicial district is proper under 28 U.S.C. §§1391(b)(2) and (c)(2) because this is the judicial district in which a substantial part of the events giving rise to the claim occurred and because Defendants can be found in this judicial district.

## PARTIES

5. Plaintiff Hillary White ("Plaintiff") is an individual domiciled and residing in Belfast, Maine.

6. Upon information and belief, Defendant FTGS is a limited liability company existing under the laws of the State of North Dakota, with its principal place of business located in Fargo, North Dakota.

7. Upon information and belief, Defendant Vittitow is the principal/owner of Defendant FTGS, has supervisory capacity over, and singular control of, the FTGS business, supervised the infringing activity on FTGS' website – www.meanmugsandmore.com (the "FTGS Website"), promoted product bearing the infringing content on various social media websites (e.g., Facebook and Instagram), and has a direct financial interest in the business of FTGS.

8. Upon information and belief, at all times relevant hereto Vittitow was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of FTGS and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not

limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO THE SUBJECT WORKS

9. Prior to the conduct complained of herein, Plaintiff created two distinct and original artworks for use, license, and sale, entitled "There It Goes" and "Fluffin' Meowgical" (collectively, the "Subject Works"). The Subject Works are creations of Plaintiff and at all relevant times were owned exclusively by Plaintiff.

10. Plaintiff applied for a United States copyright registration for "There It Goes." The resulting U.S. Copyright Registration No. VA 2-145-671 has an effective date of March 19, 2019. Annexed hereto as **EXHIBIT A**.

11. Plaintiff applied for a United States copyright registration for the "Fluffin' Meowgical." The resulting U.S. Copyright Registration No. VA 2-179-490 has an effective date of November 26, 2019. Annexed hereto as **EXHIBIT B.**

12. White has complied in all respects with the provisions and requirements of the U.S. Copyright Act.

13. Prior to the acts complained of herein, Plaintiff posted the Subject Works onto her online portfolio on DeviantArt.com and offered it for sale on t-shirts via websites including, but not limited to, RedBubble.com, TeePublic.com, NeatoShop.com, Threadless.com, and Society6.com.

14. Upon information and belief, Defendants, and each of them, accessed the Subject Works by, without limitation, viewing the Subject Works on Plaintiff's website or social media profiles, viewing the Subject Works on third-party websites online, or by purchasing or otherwise

obtaining products lawfully bearing the Subject Works. The identicality of the copying also shows access.

15.     Following her publication and distribution of products bearing the Subject Works, Ms. White discovered that Defendants had misappropriated the Subject Works and were selling products bearing designs which are identical to the Subject Works ("Infringing Product(s)") for their financial benefit.

16.     Upon information and belief, and without Plaintiff's authorization, Defendants created, sold, manufactured, caused to be created/manufactured, imported and/or distributed, Infringing Products and displayed the Subject Works.

17.     Directly below is a comparison of Plaintiff's "There It Goes" and one exemplar of the Infringing Product:



| "There It Goes" Original Work | Infringing "There It Goes" Product Exemplar |

18. The above comparison definitively shows that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are substantially similar and/or identical.

19. The above exemplar is non-inclusive, and the allegations set forth herein are as to all product sold by Defendants, and each of them, that bears a design substantially similar to "There It Goes."

20. Directly below is a comparison of Plaintiff's "Fluffin' Meowgical" and one exemplar of the infringing product ("Infringing Fluffin' Meowgical Product"):



| "Fluffin' Meowgical" Original Work | Infringing "Fluffin' Meowgical" Product Exemplar |

21. The comparison above definitively shows that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are substantially similar and/or identical.

22. The above exemplar is non-inclusive, and the allegations set forth herein are as to all product sold by Defendants, and each of them, that bear a design substantially similar to "Fluffin' Meowgical."

**FIRST CLAIM FOR RELIEF**
*(For Copyright Infringement– Against All Defendants, and Each)*

23. Plaintiff repeats, realleges, and incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

24. White is, and at all relevant times has been, the exclusive owner of "There It Goes."

25. "There It Goes" is copyrightable subject matter under 17 U.S.C. §102(a)(5).

26. White has complied in all respects with the provisions and requirements of the Copyright Act.

27. White duly registered the copyright in and to "There It Goes" with the United States Copyright Office prior to the acts complained of herein.

28. White has exclusive rights under 17 U.S.C. §106 to reproduce, prepare derivative works of, distribute copies of, and publicly display "There It Goes."

29. Upon information and belief, Defendants, and each of them, had access to "There It Goes" by and through, without limitation: (a) Plaintiff's online design portfolio located at DeviantArt.com; (b) its purchasing or otherwise obtaining product lawfully bearing the Subject Work sold by Plaintiff or her licensees on various websites including, but not limited to, RedBubble.com, Threadless.com, and TeePublic.com; and/or (c) by viewing "There It Goes" on Plaintiff's website or social media profiles or as lawfully displayed on third-party websites.

Access is also established by the identicality of the original "There It Goes" Work and the design borne on Defendants' Infringing Product.

30. Upon information and belief, Defendants unlawfully reproduced "There It Goes" on products, and displayed, marketed and promoted this Infringing Product on several websites, including the FTGS Website, Facebook, and Instagram, and sold and distributed Infringing Product, all without White's authorization.

31. Upon information and belief, Defendants, and each of them, infringed Plaintiff's copyrights by copying the "There It Goes" Subject Work and subsequently manufacturing, producing, importing, marketing, promoting, displaying, selling and/or distributing Infringing Products bearing the Subject Work.

32. Upon information and belief, Defendants have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were willful, reckless and in blatant disregard of Plaintiff's rights. Such willfulness provides the basis on which Plaintiff seeks additional forms of relief.

33. Due to Defendants', and all of their, acts of infringement, Plaintiff has suffered substantial damages to her business, including without limitation, lost profits and lost licensing revenue, and/or devaluation of the "There It Goes" Subject Work, in an amount to be established at trial.

34. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of "There It Goes." As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights to "There It Goes," in an amount to be established at trial.

35. Upon information and belief, Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were performed knowingly and/or were willful, intentional or malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

36. In the alternative, Plaintiff claims statutory damages under 17 U.S.C. §504(c)(1) for Defendants' negligent unauthorized use and copyright infringement of "There It Goes."

## SECOND CLAIM FOR RELIEF
*(For Copyright Infringement– Against All Defendants, and Each)*

37. Plaintiff repeats, realleges, and incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

38. White is, and at all relevant times has been, the exclusive owner of "Fluffin' Meowgical."

39. "Fluffin' Meowgical" is copyrightable subject matter under 17 U.S.C. §102(a)(5).

40. White duly registered the copyright in and to "Fluffin' Meowgical" with the United States Copyright Office prior to the acts complained of herein.

41. White has exclusive rights under 17 U.S.C. §106 to reproduce, prepare derivative works of, distribute copies of, and publicly display "Fluffin' Meowgical."

42. Upon information and belief, Defendants, and each of them, had access to "Fluffin' Meowgical" by and through, without limitation: (a) Plaintiff's online design portfolio located at DeviantArt.com; (b) purchasing or otherwise obtaining product lawfully bearing the Subject Work sold by Plaintiff or her licensees on various websites including, but not limited to, RedBubble.com, Threadless.com, and TeePublic.com; and (c) viewing the Subject Work on

Plaintiff's website or social media profiles or as lawfully displayed on third-party websites. Access is also established by the identicality of the original "Fluffin' Meowgical" Work and the design borne on Defendants' Infringing Product.

43. Upon information and belief, Defendants unlawfully reproduced "Fluffin' Meowgical" on products, displayed, marketed and promoted said Infringing Product on several websites, including the FTGS Website, Facebook, and Instagram, and sold and distributed Infringing Product, all without White's authorization.

44. Upon information and belief, Defendants have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were willful, reckless and in blatant disregard of Plaintiff's rights. Such willfulness provides the basis on which Plaintiff seeks additional forms of relief.

45. Upon information and belief, Defendants, and each of them, infringed Plaintiff's copyrights by copying the "Fluffin' Meowgical" Subject Work and subsequently manufacturing, producing, importing, marketing, promoting, displaying, selling and/or distributing Infringing Products bearing the "Fluffin' Meowgical" Subject Work.

46. Due to Defendants', and all of their, acts of infringement, Plaintiff has suffered substantial damages to her business, including without limitation, lost profits and lost licensing revenue, and/or devaluation of the "Fluffin' Meowgical" Subject Work, in an amount to be established at trial.

47. Due to Defendants,' and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of "Fluffin' Meowgical." As such, Plaintiff is

entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights to "Fluffin' Meowgical," in an amount to be established at trial.

48. Upon information and belief, Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were performed knowingly and/or were willful, intentional or malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

49. In the alternative, Plaintiff claims statutory damages under 17 U.S.C. §504(c)(1) for Defendants' negligent unauthorized use and copyright infringement of "Fluffin' Meowgical."

**THIRD CLAIM FOR RELIEF**
*(For Vicarious and/or Contributory Copyright Infringement
Against All Defendants, and Each)*

50. Plaintiff repeats, realleges, and incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

51. Upon information and belief, Defendants, and each of them, had knowledge of the infringing activity and materially contributed to the infringing conduct.

52. Upon information and belief, Defendants, and each of them, knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and/or subsequent sales of products featuring the Subject Works as alleged herein.

53. Upon information and belief, Defendants, and each of them, are vicariously and/or contributorily liable for the infringement alleged herein because they had the right and ability to control or supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

54. By reason of Defendants' acts of contributory and/or vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

1. Against Defendants, and each of them, for willful copyright infringement;

2. Alternatively, against Defendants, and each of them, for copyright infringement;

3. Against Defendants, and each of them, for vicarious and/or contributory copyright infringement;

4. That Defendants and their respective agents, officers and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any materials that infringe Plaintiff's copyrights in and to the Subject Works;

5. That this Court impound all Infringing Products and other unauthorized material bearing infringing copies of the Subject Works in the possession or control of Defendants pursuant to 17 U.S.C. §503(a)(1)(A), and ordering destruction of all unauthorized material bearing the Subject Works, pursuant to 17 U.S.C. §503(b);

6. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §504 *et seq.*;

7. That Plaintiff be awarded her costs and attorneys' fees as available under the Copyright Act U.S.C. §505 *et seq.*;

8. That Defendants account to Plaintiff for their profits and any additional damages sustained by Plaintiff arising from the foregoing acts of infringement;

9. That Plaintiff be awarded pre-judgment interest as allowed by law;

10. That Plaintiff be awarded such further legal and equitable relief as the Court deems just and proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE PURSUANT TO FED. R. CIV. P. 38 AND THE 7TH AMENDMENT TO THE UNITED STATES CONSTITUTION.

Respectfully submitted

Dated: January 8, 2021     By:   */s/ Dmitry Lapin*
Dmitry Lapin, Esq.
Danchuk Law, LLC
2 Victoria Lane
Falmouth Maine 04105
*Attorneys for Plaintiff Hillary White*